**Severo MORENO–ESTRADA, et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70753.
Agency Nos. A75–528–251, A75–502–732, A75–502–733, A75–502–734.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

164

Severo Moreno–Estrada, Orange, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security,

San Francisco, CA, William Campbell Erb, Jr., Attorney, Margaret Perry, Esq., Christine A. Bither, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Severo Moreno–Estrada, a native and citizen of Mexico, petitions pro se for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision of an immigration judge ("IJ") denying his application for cancellation of removal. He also moves to amend his petition to include his spouse, Emma, and two older children, Luis and Laura. We have jurisdiction under 8 U.S.C. § 1252. We grant the motion, and deny the petition for review in part, and dismiss it in part.

Because Moreno–Estrada's intent to include his spouse and two of his children in his petition was sufficiently clear from the inclusion of their alien numbers in the caption, we grant the motion to amend the petition to include Emma Moreno Martinez, Luis Alfaro Moreno Martinez, and Laura Moreno Martinez. *See* Fed. R.App. P. 3(c)(2), (4). The Clerk shall amend the docket to reflect the addition of these individuals.

Petitioners' contention that the BIA's summary affirmance without an opinion was inconsistent with due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

■ Petitioners' contention that the Nicaraguan Adjustment and Central American Relief Act favors certain aliens over

others and therefore violates equal protection similarly fails because the Act "easily satisfies the rational basis test." *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir.2002).

Severo Moreno–Estrada and Emma Moreno Martinez also contend that the IJ erred in concluding that they failed to demonstrate "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). We cannot consider this contention because we lack jurisdiction over this discretionary determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003).

Because Luis Alfaro Moreno Martinez and Laura Moreno Martinez failed to raise an issue, make a contention or argument, or seek relief, we deny their petitions. *See* Fed. R.App. P. 28(a); *see also Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, No. 03–70477, and further order of this Court.

PETITION FOR REVIEW DENIED in part, DISMISSED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.